EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Marcos Feliciano Crespo | Queja<br><br>2003 TSPR 64<br><br>158 DPR \_\_\_\_ |

Número del Caso: AB-2001-75

Fecha: 16 de abril de 2003

Oficina de Inspección de Notarías:

Lcda. Carmen H. Carlos
Directora

Lcdo. Edgardo Ortiz Bauzá
Director Interino

Abogado de la Parte Querellada:

Lcdo. Noel Colón Martínez

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Marcos Feliciano Crespo                    AB-2001-75

PER CURIAM

San Juan, Puerto Rico, a 16 de abril de 2003.

Mediante Opinión Per Curiam y Sentencia suspendimos a Marcos Feliciano Crespo del ejercicio de la notaría y la abogacía por no haber contestado los requerimientos de este Tribunal. Notificado de nuestra decisión, Feliciano Crespo ha comparecido para explicar su incumplimiento con las dos Resoluciones emitidas por este Tribunal. Examinada su comparecencia se reinstala al Lic. Feliciano Crespo al ejercicio de la abogacía y la notaría. Veamos.

I

El 10 de mayo del año en curso, mediante Resolución a esos efectos, le concedimos al Lic. Marcos Feliciano Crespo un término de treinta días para que se expresase sobre un Informe de la Directora de la Oficina de Inspección de Notarías referente a la inscripción de una escritura en el Registro de la Propiedad. Debido a que Feliciano Crespo no contestó dicha Resolución, el 14 de junio reiteramos los términos de la Resolución anterior y le concedimos un plazo adicional para cumplir con nuestra orden. Ante el silencio de Feliciano Crespo, el 4 de octubre de 2002 se le concedió un término final de quince días para contestar nuestras Resoluciones y además "presentar la evidencia correspondiente de la inscripción registral en cuestión." Además, se le ordenó que reaccionara a "los señalamientos de la Directora de la Oficina de Inspección de Notarías sobre la dilación irrazonable del notario en la prestación de sus servicios a la quejosa y sobre la falta de información de parte del notario hacia la quejosa."

En vista de que Feliciano Crespo no compareció ante esta Curia para exponer su posición, el pasado 7 de marzo emitimos una Opinión Per Curiam y una Sentencia en la que se decretó su separación inmediata e indefinida de la notaría y de la abogacía. Además, se ordenó la incautación de sus protocolos. El 31 de marzo de 2003 los alguaciles

de este Tribunal notificaron a Feliciano Crespo de esta decisión y se incautaron de su obra notarial.

Enterado de nuestra decisión Feliciano Crespo compareció ante nos para solicitar reconsideración del dictamen anteriormente descrito y explicar su incumplimiento con nuestras órdenes. En su moción de reconsideración, Feliciano Crespo afirma que contestó oportunamente todas nuestras órdenes por correo certificado, "pero por error e inadvertencia envió sus contestaciones a la Oficina de la Directora de Inspección de Notarías". Aunque reconoce el error cometido, señala que como la Oficina de la Directora de Inspección de Notarías era una dependencia de este Tribunal, de buena fe "creyó que era suficiente notificarle a cualquiera de las dos." Además, nos informa que la escritura que origina la queja de autos fue inscrita en el Registro de la Propiedad y nos somete la certificación registral correspondiente.

Tan pronto se recibió dicha moción se le concedió un término de veinticuatro horas a la directora de la Oficina de Inspección de Notarías para examinar su expediente sobre la queja e informarnos si las contestaciones de Feliciano Crespo habían sido recibidas. Antes de concluir dicho término el Director Auxiliar de la Oficina de Inspección de Notarías nos informó que examinó el expediente de la queja y encontró las mociones del querellado. Además, nos informa que a pesar de que ambas

mociones estaban dirigidas al Tribunal Supremo, "los sobres vinieron dirigidos a la Directora de la Oficina de Inspección de Notarías y a nuestro apartado postal, por lo cual entendíamos que era copia de lo radicado en la Secretaría del Tribunal Supremo."

De lo anterior se desprende que Feliciano Crespo contestó oportunamente nuestras Resoluciones y que además cumplió con la orden de que inscribiera la escritura que originaba la queja de autos. No obstante, contrario a lo ordenado por este Tribunal, Feliciano Crespo envió dichas comparecencias a la Oficina de la Directora de Inspección de notarías bajo la premisa de que cumplía con lo requerido si contestaba a "cualquiera de las dos".

Como la orden de este Tribunal claramente requería que compareciera ante este Tribunal y expusiera su posición sobre el Informe de la Directora de la Oficina de Inspección de Notarías, era a esta Curia y no a la Directora a quien tenía que explicar los problemas que habían surgido con la escritura en cuestión y, además, contestar las razones por lo cual no había mantenido a su clienta informada de los trámites ante el Registro de la Propiedad. El deber del Lic. Feliciano Crespo era presentar en la Secretaría de este Tribunal sus escritos en cumplimiento de nuestras órdenes y enviarle copia de los mismos a la Oficina de Inspección de la Notaría. Es motivo de preocupación que un notario parta de la premisa

equivocada que puede cumplir con nuestras órdenes sin presentar su contestación oportunamente ante la Secretaría de este Tribunal. No olvidemos que la Secretaría de este Tribunal es la única que está autorizada a recibir los escritos dirigidos a nosotros, por lo que cuando un abogado presenta un escrito en cualquier otra dependencia de este Tribunal, el mismo no se entiende radicado oficialmente hasta tanto la Secretaría lo reciba. Aprovechamos este caso para recordarle a la profesión jurídica de lo antes expuesto para que sepan que se atienen a las mismas consecuencias que ha tenido Feliciano Crespo en este caso, la suspensión de esta honrosa profesión.

No obstante, una vez Feliciano Crespo ha comparecido ante nos y demostrado que inscribió la escritura en cuestión en el Registro de la Propiedad y además ha explicado y reconocido el error cometido, ordenamos su reinstalación al ejercicio de la abogacía y la notaría. Se le apercibe que en el futuro deberá cumplir estrictamente con las órdenes de este Tribunal.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:

Marcos Feliciano Crespo                    AB-2001-75


SENTENCIA


San Juan, Puerto Rico, a 16 de abril de 2003.


Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte integrante de la presente, se dicta sentencia y se reinstala, efectivo hoy, al Lic. Marcos Feliciano Crespo al ejercicio de la abogacía y la notaría.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García no intervino.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo